ISAAC SHERNER, et als. v. AQUILLA SPEAR, et als.

## Fraud—Par Delictum.

1. Where the jury found that the defendant administrator had, in another action in which he was plaintiff, fraudulently suffered a judgment to be entered, by which the estate of his intestate was cheated; *it was held*, that a motion would not be allowed to reinstate said action and set aside fraudulent judgment.

2. Courts of justice will not aid a party to a fraudulent transaction to force his confederates in fraud to account.

(*Turner* v. *Eford*, 5 Jones Eq., 106; *Pinckston* v. *Brown*, 3 Jones Eq., 494, cited and approved).

This was a CIVIL ACTION tried before *Gilmer, Judge,* and a jury, at Spring Term, 1884, of YADKIN Superior Court.

The defendants appealed.

The facts appear in the opinion.

*Messrs. Watson & Glenn* and *Clement & Gaither*, for plaintiffs.

*Messrs. Coke & Williamson*, for defendants.

MERRIMON, J. The plaintiffs are the next of kin of John Williams, who died intestate, in the county of Yadkin, in 1863. W. W. Long was duly appointed his administrator, and W. J. Cornelius and S. T. Spear were the sureties to his bond as such administrator.

Afterwards, W. W. Long, the administrator, died without having completed the administration of the estate in his hands, and Aquilla Spear was duly appointed, in 1875, administrator *de bonis non* of the estate of John Williams, deceased, and gave his bond in that respect with James Spear and others as sureties thereto.

Afterwards, Aquilla Spear, administrator *de bonis non*, brought his action in the Superior Court of Yadkin county against T. Long, administrator of W. W. Long, above named, and the sureties to his bond as administrator of John Williams. In that action he alleged in his complaint that W. W. Long, as administrator, in his life-time, and the sureties to his bond, were liable to account to him for a note belonging to the estate of his intestate against Thomas Williams; likewise for another note against Uriah Glenn, and he demanded judgment for an account and settlement of the estate of his intestate in the hands of W. W. Long, administrator. This action was determined at the Fall Term of 1878 of the court mentioned, and the plaintiff obtained a judgment for the sum of $29.52.

The plaintiffs in their complaint allege that judgment ought to have been obtained in that action for a much larger sum, and would have been but for the fraud and collusion of the plaintiff therein, Aquilla Spear, administrator *de bonis non*, and the defendants therein, T. Long, administrator of W. W. Long, and W. J. Cornelius, surety to the administration bond of W. W. Long. They allege that the judgment obtained was procured by the fraudulent concert of the plaintiffs and the defendants in the action; and they demand judgment, that the judgment mentioned above be declared fraudulent and void, and for an account and settlement of the estate in the hands of Aquilla Spear,

administrator *de bonis non* of John Williams, deceased, and of
the estate of John Williams, deceased, remaining in the hands of
T. Long, administrator of W. W. Long, administrator of John.
Williams, and judgment against the parties defendant according
to their several liabilities, including W. J. Cornelius, surety to
the bond of W. W. Long, administrator.

The court submitted to the jury the following issue, to which
they responded in the affirmative: "Was the judgment rendered
by his Honor, J. F. Graves, at Fall Term, 1878, of the Superior
Court of Yadkin county, in the suit there pending in said court
in which A. Spear, administrator *de bonis non* of John Williams,.
deceased, was plaintiff, W. J. Cornelius and T. Long, adminis-
trators of W. W. Long, deceased, were defendants, procured by
the fraudulent agreement, contrivance or collusion of the plain—
tiffs in said suit and the defendants, or either of them?"

The court intimated upon receiving the verdict of the jury
that he would render judgment for the plaintiffs according to the
prayer in the complaint. Thereupon the defendant Aquilla
Spear, administrator *de bonis non,* moved that he be allowed to
bring forward and reinstate upon the docket the action men-
tioned in the issue submitted to the jury, and for an order direct—
ing an account of the administration of the estate of his intestate
in the hands of W. W. Long, administrator of John Williams,.
his intestate, and for judgment for such sum as might be ascer-
tained to be due to him from the former administrator of his
intestate. The court denied the motion, and the defendant
Aquilla Spear excepted.

The court very properly denied the motion of the appellant.
The action, he proposed to bring forward upon the docket, re-open
and try, had been determined, and if it had been a fair and honest
one, the judgment in it could not be disturbed, except for just
cause and in a proper way at the instance of some person entitled
to move in, or in respect to it. If the judgment in it were dis-
honest and fraudulent, as it appears to have been, then, innocent
parties aggrieved by it, as the plaintiffs in this action, might by

a proper action have it declared and adjudged fraudulent and void, and then it would remain a dishonored and useless wreck, and harmless except as to the parties participating in the fraud.

Moreover, it was not germane to, and had no proper bearing upon the conduct and determination of this action; it was distinct from, and foreign to the latter, except that the fraudulent judgment in it may have created occasion for, and given rise to the present one.

Besides, the jury have found by their verdict that the appellant, who was plaintiff in the action referred to, participated actively with the defendants therein in the collusion and fraud, by which the dishonest judgment was obtained. The court will not help him now to turn upon his confederates in fraud and call them to account and thus extricate himself from embarrassments he brought upon himself. The law will not aid one of the parties to a fraud as against another; it leaves them all, each towards the other, in that plight and condition they devised and contrived for themselves.

The appellant having destroyed the integrity of his action, must accept the judgment therein with all its badness and its ill consequences to himself. *In pari delicto, potior est conditio defendentis.* *Turner* v. *Eford*, 5 Jones Eq., 106; *Pinckston* v. *Brown*, 3 Jones Eq., 494.

There is no error in the refusal of the court to grant the motion of the appellant. Let this opinion be certified to the Superior Court according to law.

No error.                                              Affirmed.